IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADELBERT H. WARNER, II, | § | |
| BOP Register No. 13604-040, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:21-cv-1473-M-BN |
| | § | |
| K. ZOOK, Warden, FCI Seagoville, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Adelbert H. Warner, II, a federal prisoner incarcerated in this district, "pled guilty to a two-count indictment charging him with the production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e), and distribution of child pornography in violation of 18 U.S.C. §§ 2252A(a)(1) and (b)(1)," and he was sentenced "to 360 months on count one and 240 months on count two, to be served concurrently." *United States v. Warner*, 399 F. App'x 88, 89 (6th Cir. 2010) (affirming the criminal judgment).

Warner unsuccessfully challenged his convictions and sentences under 28 U.S.C. § 2255. *See United States v. Warner*, No. 1:08-cr-63, 2013 WL 12343704 (W.D. Mich. Feb. 8, 2013), *reconsideration denied*, 2013 WL 12343705 (W.D. Mich. Mar. 14, 2013).

Now, through an amended *pro se* petition [Dkt. No. 4], Warner raises challenges to his convictions and sentences under 28 U.S.C. § 2241, asserting that he is actually innocent. And Chief Judge Barbara M. G. Lynn referred this habeas action

to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) and a

standing order of reference.

> Generally, if a prisoner has challenged his conviction with a failed § 2255 motion, he doesn't get a second bite at the apple under § 2241. *See Santillana v. Upton*, 846 F.3d 779, 781-83 (5th Cir. 2017). In fact, a prisoner generally can't use § 2241 to challenge his conviction.
> But there's an exception: Under § 2255(e)'s "savings clause," *id.*, a prisoner can use § 2241 to challenge his conviction if § 2255 "is inadequate or ineffective to test the legality of his detention." And § 2255 is "inadequate or ineffective" if "(1) the § 2241 petition raises a claim that is based on a retroactively applicable [United States] Supreme Court decision; (2) the claim was previously foreclosed by circuit law ... and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense." *Santillana*, 846 F.3d at 782 (cleaned up). "The petitioner bears the burden" of "com[ing] forward with evidence showing each element of [that] test." *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010) (cleaned up).

*Abram v. McConnell*, 3 F.4th 783, 785 (5th Cir. 2021).

Reframing these elements to fit an explicit assertion of actual innocence, the

United States Court of Appeals for the Fifth Circuit has held that "a prisoner who

wishes to proceed under the savings clause must make a showing of both actual

innocence and retroactivity" by demonstrating that "his claim (1) 'is based on a

retroactively applicable Supreme Court decision which establishes that the petitioner

may have been convicted of a nonexistent offense' and (2) 'was foreclosed by circuit

law at the time when the claim should have been raised in the petitioner's trial,

appeal, or first § 2255 motion.'" *Wilson v. Roy*, 643 F.3d 433, 435 (5th Cir. 2011)

(quoting *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); citation

omitted).

Here, Warner has not carried his burden to show each element of this circuit's

standard to invoke the savings clause. For example, he fails to identify a retroactively applicable Supreme Court decision. And, absent the savings clause, the Court is without jurisdiction to consider Warner's Section 2241 petition attacking his underlying convictions and sentences. *See, e.g.*, *Carter v. Blackmon*, 732 F. App'x 268, 270 (5th Cir. 2018) (per curiam) ("Although the district court did not address its jurisdiction under the savings clause, we are required to examine it. Carter has failed to show that he was actually innocent of the crime of conviction, and he is not entitled to use the savings clause of § 2255 to challenge his sentence by petitioning under § 2241. Because Carter failed to meet the savings-clause standard and was convicted and sentenced in the Eastern District of Missouri, the district court for the Southern District of Mississippi lacked jurisdiction to consider his *Johnson* and *Mathis* claims." (citations omitted)).

## Recommendation

The Court should dismiss the amended 28 U.S.C. § 2241 petition for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 18, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE